UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- X  Via ECF

MARILYN BERNARD,                      :
                                         08 CIV 4784 (LAK)
        Plaintiff,           :

  -against-                          :
                                         **ANSWER**
JP MORGAN CHASE BANK NA,              :

        Defendant.          :

------------------------------------- X

JPMorgan Chase Bank, N.A. ("JPMorgan Chase"), by its attorneys, the JPMorgan Chase Legal & Compliance Department, Stacey L. Blecher, Assistant General Counsel, as and for its Answer to the Complaint and Jury Demand ("Complaint") of Plaintiff Marilyn Bernard ("Plaintiff"), state as follows:

## AS TO PARTIES

1. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 1 of the Complaint, except states that JPMorgan Chase records reflect that Plaintiff is a resident of Hempstead, New York.

2. Denies the allegations set forth in Paragraph 2 of the Complaint, and states that JPMorgan Chase (a wholly-owned subsidiary of JPMorgan Chase & Co., a Delaware Corporation) is a national banking association organized under the laws of the United States, with a principal place of business located in New York at 270 Park Avenue, New York, New York 10017.

## AS TO VENUE AND JURISDICTION

3.  Denies each and every allegation set forth in Paragraph 3 of the Complaint, except states that Plaintiff purports to bring claims for alleged race and gender discrimination and retaliation against JPMorgan Chase under 42 U.S.C.S. § 1981 ("1981"), Title VII of the Civil Rights Act, as amended, 42 U.S.C. §§ 2000 *et seq.* ("Title VII"), the New York State Human Rights (Executive) Law, §§ 290 *et seq.* ("NYSHRL") and the New York City Administrative Code, §§ 8-107 *et seq.* ("NYCHRL").

4.  The allegations set forth in Paragraph 4 of the Complaint constitute invocations as to jurisdiction and venue as to which no response is required. To the extent a response is required, JPMorgan Chase denies the allegations set forth in Paragraph 4 of the Complaint, and states that venue is proper in the Southern District of New York, where the present action has been brought.

5.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 5 of the Complaint, and defers to Plaintiff's Charge of Discrimination, filed with the Equal Employment Opportunity Commission ("EEOC") for its content and meaning.

6.  The allegations set forth in Paragraph 6 of the Complaint constitute invocations as to exhaustion of remedies as to which no response is required. To the extent that a response is required, JPMorgan Chase denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 6 of the Complaint and refer to the Notice of Right to Sue issued by the EEOC for its content and meaning.

7.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 7 of the Complaint.

8. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 8 of the Complaint.

## AS TO NATURE OF THE ACTION

9. The allegations set forth in Paragraph 9 of the Complaint constitute invocations as to the relief sought by Plaintiff in this action as to which no response is required. To the extent a response is required, JPMorgan Chase denies the allegations set forth in Paragraph 9 of the Complaint.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 10 of the Complaint, except states that JPMorgan Chase records reflect that Plaintiff's date of birth is May 29, 1956.

11. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 11 of the Complaint, except states that JPMorgan Chase records reflect that Plaintiff is an African-American woman.

12. Denies the allegations set forth in Paragraph 12 of the Complaint, except states that JPMorgan Chase records reflect that Plaintiff commenced her employment with The Chase Manhattan Bank, a predecessor entity of JPMorgan Chase, on July 15, 1991 and, at the time of her termination from employment on January 15, 2008, Plaintiff was located at the One Chase Manhattan Plaza location in Manhattan.

13. Denies each and every allegation set forth in Paragraph 13 of the Complaint.

14. Denies each and every allegation set forth in the first sentence of Paragraph 14 of the Complaint, except states that Plaintiff was promoted to a Vice President position in 2001. Admits the remaining allegations set forth in Paragraph 14 of the Complaint.

15. Denies each and every allegation set forth in Paragraph 15 of the Complaint, and states that Christine Tamney ("Tamney") worked for the Bank of New York since September 1997, which subsequently was acquired by JPMorgan Chase in 2005. JPMorgan Chase further avers that Tamney became a Chase At Work Senior National Account Manager on or about August 1, 2007. JPMorgan Chase furthers avers that Tamney is Caucasian and her date of birth is January 21, 1966.

16. Denies each and every allegation set forth in Paragraph 16 of the Complaint, and states that in or around 2004 through February 2008, Travis Rieger ("Rieger") was the National Sales Manager for Chase At Work National Accounts Team. JPMorgan Chase further avers that Rieger is Caucasian and his date of birth is June 9, 1973.

17. Denies each and every allegation set forth in Paragraph 17 of the Complaint, except states that Plaintiff's employment was terminated, effective January 15, 2008.

18. Denies each and every allegation set forth in Paragraph 18 of the Complaint, except states that Tamney and Reiger verbally counseled Plaintiff on or about August 20, 2007 about her performance.

19. Denies each and every allegation set forth in Paragraph 19 of the Complaint.

20. Denies each and every allegation set forth in Paragraph 20 of the Complaint.

21. Denies each and every allegation set forth in Paragraph 21 of the Complaint.

22. Denies each and every allegation set forth in Paragraph 22 of the Complaint.

23. Denies each and every allegation set forth in Paragraph 23 of the Complaint.

24. Denies each and every allegation set forth in Paragraph 24 of the Complaint.

25. Admits the allegation set forth in Paragraph 25 of the Complaint, and states that Plaintiff was not the only African-American or female directly reporting to Tamney.

26. Denies each and every allegation set forth in Paragraph 26 of the Complaint, except states that in or around August 2007, Rieger was responsible for twenty (20) National Account Representatives, located in New York, Texas and Chicago, and further states that the team was compromised of three (3) African-Americans and nine (9) women.

27. Denies each and every allegation set forth in Paragraph 27 of the Complaint, and avers that Demand Deposit Accounts ("DDAs") were not part of Plaintiff's corrective action or subsequent termination.

28. Denies each and every allegation set forth in Paragraph 28 of the Complaint.

29. Admits the allegations set forth in the first and second sentences of Paragraph 29 of the Complaint. Denies each and every allegation set forth in the third sentence of Paragraph 29 of the Complaint, and avers that two of the four individuals reporting to Tamney were participating in the "Jump Start" program and were not expected to hit Third Quarter goals.

30. Denies each and every allegation set forth in the first sentence of Paragraph 30 of the Complaint, except states that in or around August 2007, Rieger was responsible for twenty (20) National Account Representatives, located in New York, Texas and Chicago. Admits the remaining allegations set forth in Paragraph 30 of the Complaint.

31. Denies each and every allegation set forth in Paragraph 31 of the Complaint.

32. Admits the allegations set forth in the first and second sentences of Paragraph 32 of the Complaint. Denies each and every allegation set forth in the third sentence of Paragraph 32 of the Complaint.

33. Denies each and every allegation set forth in Paragraph 33 of the Complaint.

34. Denies each and every allegation set forth in Paragraph 34 of the Complaint, except states that Plaintiff submitted a written rebuttal to her written warning on November 16, 2007, and defers to Plaintiff's written rebuttal for its content and meaning, and further avers that DDAs were not part of Plaintiff's corrective action or subsequent termination.

35. Admits the allegations set forth in Paragraph 35 of the Complaint.

36. Denies each and every allegation set forth in Paragraph 36 of the Complaint.

37. Denies each and every allegation set forth in the first sentence of Paragraph 37 of the Complaint, except states that Plaintiff was counseled to bring her new company enrollment to ten (10) for the Third Quarter (seventy (70%) of goal). Admits the allegations set forth in the second and third sentences of Paragraph 37 of the Complaint. Denies each and every allegation set forth in the fourth sentence of Paragraph 37 of the Complaint.

38. Denies each and every allegation set forth in Paragraph 38 of the Complaint.

39. Denies each and every allegation set forth in Paragraph 39 of the Complaint, except states that Plaintiff contacted Leonore Chester of Corporate Employee Relations on or about December 6, 2007.

40. Denies each and every allegation set forth in Paragraph 40 of the Complaint, except states that Plaintiff contacted Leila ("Lee") McConnell ("McConnell") on or about December 7, 2007.

41. Denies each and every allegation set forth in Paragraph 41 of the Complaint.

42. Admits the allegations set forth in Paragraph 42 of the Complaint.

43. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 43 of the Complaint.

44. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 44 of the Complaint, except states that Plaintiff requested that JPMorgan Chase remove the written warning from her file.

45. Denies each and every allegation set forth in Paragraph 45 of the Complaint, except states that Plaintiff requested to Tamney that JPMorgan Chase remove the written warning from her file.

46. Admits the allegations set forth in Paragraph 46 of the Complaint.

47. Denies each and every allegation set forth in Paragraph 47 of the Complaint.

48. Denies each and every allegation set forth in Paragraph 48 of the Complaint, but states that Tamney advised Plaintiff that her written warning would not be removed from her file.

49. Denies each and every allegation set forth in Paragraph 49 of the Complaint.

50. Denies each and every allegation set forth in Paragraph 50 of the Complaint.

51. Admits the allegations set forth in Paragraph 51 of the Complaint.

52. Denies each and every allegation set forth in Paragraph 52 of the Complaint.

53. Denies each and every allegation set forth in Paragraph 53 of the Complaint.

54. Denies each and every allegation set forth in Paragraph 54 of the Complaint.

55. Denies each and every allegation set forth in Paragraph 55 of the Complaint, except states that McConnell offered Plaintiff her support and assistance.

56. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 56 of the Complaint, except states that Plaintiff, except states that Plaintiff never complained to McConnell about "disparate treatment."

57. Denies each and every allegation set forth in Paragraph 57 of the Complaint.

58. Admits the allegations set forth in Paragraph 58 of the Complaint.

59. Admits the allegations set forth in Paragraph 59 of the Complaint.

60. Denies each and every allegation set forth in Paragraph 60 of the Complaint, except states that Plaintiff's goal for the Fourth Quarter of 2007 was five (5) new clients, five (5) re-launches and 2,300 DDAs and she actually achieved zero (0) new clients, five (5) re-launches and 2,969 DDAs.

61. Denies each and every allegation set forth in Paragraph 61 of the Complaint.

62. Denies each and every allegation set forth in Paragraph 62 of the Complaint.

63. Denies each and every allegation set forth in Paragraph 63 of the Complaint, except states that Plaintiff was the only Black female NAR.

64. Denies each and every allegation set forth in Paragraph 64 of the Complaint.

### AS TO AS AND FOR A FIRST CAUSE OF ACTION
### TITLE VII – WRONGFUL TERMINATION - GENDER

65. In response to Paragraph 65 of the Complaint, JPMorgan Chase repeats and realleges its responses to Paragraphs 1 through 64 with the same force and effect as though fully set forth herein.

66. Denies each and every allegation set forth in Paragraph 66 of the Complaint.

67. Admits the allegations set forth in Paragraph 67 of the Complaint.

68. Denies each and every allegation set forth in Paragraph 68 of the Complaint.

69. Denies each and every allegation set forth in Paragraph 69 of the Complaint.

70. Denies each and every allegation set forth in Paragraph 70 of the Complaint.

71. Denies each and every allegation set forth in Paragraph 71 of the Complaint.

72. Denies each and every allegation set forth in Paragraph 72 of the Complaint.

## AS TO AS AND FOR A SECOND CAUSE OF ACTION
## TITLE VII – WRONGFUL TERMINATION - RACE

73. In response to Paragraph 73 of the Complaint, JPMorgan Chase repeats and realleges their responses to Paragraphs 1 through 72 with the same force and effect as though fully set forth herein.

74. Denies each and every allegation set forth in Paragraph 74 of the Complaint.

75. Admits the allegations set forth in Paragraph 75 of the Complaint.

76. Denies each and every allegation set forth in Paragraph 76 of the Complaint.

77. Denies each and every allegation set forth in Paragraph 77 of the Complaint.

78. Denies each and every allegation set forth in Paragraph 78 of the Complaint.

79. Denies each and every allegation set forth in Paragraph 79 of the Complaint.

80. Denies each and every allegation set forth in Paragraph 80 of the Complaint.

## AS TO AS AND FOR A THIRD CAUSE OF ACTION
## TITLE VII – WRONGFUL TERMINATION - RETALIATION

81. In response to Paragraph 80 of the Complaint, JPMorgan Chase repeats and realleges their responses to Paragraphs 1 through 80 with the same force and effect as though fully set forth herein.

82. Denies each and every allegation set forth in Paragraph 82 of the Complaint.

83. Admits the allegations set forth in Paragraph 83 of the Complaint.

84. Denies each and every allegation set forth in Paragraph 84 of the Complaint.

85. Denies each and every allegation set forth in Paragraph 85 of the Complaint.

86. Denies each and every allegation set forth in Paragraph 86 of the Complaint.

87. Denies each and every allegation set forth in Paragraph 87 of the Complaint.

88. Denies each and every allegation set forth in Paragraph 88 of the Complaint.

## AS TO AS AND FOR A FOURTH CAUSE OF ACTION
## NEW YORK STATE EXECUTIVE LAW – WRONGFUL TERMINATION - GENDER

89. In response to Paragraph 89 of the Complaint, JPMorgan Chase repeats and realleges their responses to Paragraphs 1 through 88 with the same force and effect as though fully set forth herein.

90. Denies each and every allegation set forth in Paragraph 90 of the Complaint.

91. Admits the allegations set forth in Paragraph 91 of the Complaint.

92. Denies each and every allegation set forth in Paragraph 92 of the Complaint.

93. Denies each and every allegation set forth in Paragraph 93 of the Complaint.

94. Denies each and every allegation set forth in Paragraph 94 of the Complaint.

95. Denies each and every allegation set forth in Paragraph 95 of the Complaint.

96. Denies each and every allegation set forth in Paragraph 96 of the Complaint.

## AS TO AS AND FOR A FIFTH CAUSE OF ACTION
## NEW YORK STATE EXECUTIVE LAW – WRONGFUL TERMINATION - RACE

97. In response to Paragraph 97 of the Complaint, JPMorgan Chase repeats and realleges their responses to Paragraphs 1 through 96 with the same force and effect as though fully set forth herein.

98. Denies each and every allegation set forth in Paragraph 98 of the Complaint.

99. Admits the allegations set forth in Paragraph 99 of the Complaint.

100. Denies each and every allegation set forth in Paragraph 100 of the Complaint.

101. Denies each and every allegation set forth in Paragraph 101 of the Complaint.

102. Denies each and every allegation set forth in Paragraph 102 of the Complaint.

103. Denies each and every allegation set forth in Paragraph 103 of the Complaint.

104. Denies each and every allegation set forth in Paragraph 104 of the Complaint.

### AS TO AS AND FOR A SIXTH CAUSE OF ACTION
### NEW YORK STATE EXECUTIVE LAW – WRONGFUL TERMINATION - RETALIATION

105. In response to Paragraph 105 of the Complaint, JPMorgan Chase repeats and realleges their responses to Paragraphs 1 through 104 with the same force and effect as though fully set forth herein.

106. Denies each and every allegation set forth in Paragraph 106 of the Complaint.

107. Admits the allegations set forth in Paragraph 107 of the Complaint.

108. Denies each and every allegation set forth in Paragraph 108 of the Complaint.

109. Denies each and every allegation set forth in Paragraph 109 of the Complaint.

110. Denies each and every allegation set forth in Paragraph 110 of the Complaint.

111. Denies each and every allegation set forth in Paragraph 111 of the Complaint.

112. Denies each and every allegation set forth in Paragraph 112 of the Complaint.

### AS TO AS AND FOR A SEVENTH CAUSE OF ACTION
### NEW YORK CITY ADMINISTRATIVE CODE – WRONGFUL TERMINATION - GENDER

113. In response to Paragraph 113 of the Complaint, JPMorgan Chase repeats and realleges their responses to Paragraphs 1 through 112 with the same force and effect as though fully set forth herein.

114. Denies each and every allegation set forth in Paragraph 114 of the Complaint.

115. Admits the allegations set forth in Paragraph 115 of the Complaint.

116. Denies each and every allegation set forth in Paragraph 116 of the Complaint.

117. Denies each and every allegation set forth in Paragraph 117 of the Complaint.

118. Denies each and every allegation set forth in Paragraph 118 of the Complaint.

119. Denies each and every allegation set forth in Paragraph 119 of the Complaint.

120. Denies each and every allegation set forth in Paragraph 120 of the Complaint.

### AS TO AS AND FOR AN EIGHTH CAUSE OF ACTION
### NEW YORK CITY ADMINISTRATIVE CODE – WRONGFUL TERMINATION - RACE

121. In response to Paragraph 121 of the Complaint, JPMorgan Chase repeats and realleges their responses to Paragraphs 1 through 120 with the same force and effect as though fully set forth herein.

122. Denies each and every allegation set forth in Paragraph 122 of the Complaint.

123. Admits the allegations set forth in Paragraph 123 of the Complaint.

124. Denies each and every allegation set forth in Paragraph 124 of the Complaint.

125. Denies each and every allegation set forth in Paragraph 125 of the Complaint.

126. Denies each and every allegation set forth in Paragraph 126 of the Complaint.

127. Denies each and every allegation set forth in Paragraph 127 of the Complaint.

128. Denies each and every allegation set forth in Paragraph 128 of the Complaint.

### AS TO AS AND FOR A NINTH CAUSE OF ACTION
### NEW YORK CITY ADMINISTRATIVE CODE – WRONGFUL TERMINATION - RETALIATION

129. In response to Paragraph 129 of the Complaint, JPMorgan Chase repeats and realleges their responses to Paragraphs 1 through 128 with the same force and effect as though fully set forth herein.

130. Denies each and every allegation set forth in Paragraph 130 of the Complaint.

131. Admits the allegations set forth in Paragraph 131 of the Complaint.

132. Denies each and every allegation set forth in Paragraph 132 of the Complaint.

133. Denies each and every allegation set forth in Paragraph 133 of the Complaint.

134. Denies each and every allegation set forth in Paragraph 134 of the Complaint.

135. Denies each and every allegation set forth in Paragraph 125 of the Complaint.

136. Denies each and every allegation set forth in Paragraph 136 of the Complaint.

## AS TO JURY DEMAND

137. JPMorgan Chase reserves its response to Plaintiff's jury demand at this time.

138. The allegations set forth in the "Wherefore" sections (a) through (d) of the Complaint constitute a demand for relief as to which no response is required. To the extent that JPMorgan Chase is required to respond to the allegations of the "Wherefore" sections (a) through (d), JPMorgan Chase denies that Plaintiff is entitled to any or all of the remedies or relief sought therein.

## AFFIRMATIVE DEFENSES

JPMorgan asserts that it only bears the burden of proof on those matters identified as affirmative defenses in Rule 8(c) of the Federal Rules of Procedure. JPMorgan Chase sets forth its defenses to Plaintiff's claims as follows:

### FIRST AFFIRMATIVE DEFENSE

139. The Complaint, or portions thereof, fails to state a claim upon which relief can be granted or upon which the damages sought can be awarded.

### SECOND AFFIRMATIVE DEFENSE

140. At all times relevant hereto, JPMorgan Chase has acted in good faith and has not violated any rights which may be secured by Plaintiff under any applicable federal, state or local law, rule, regulation or guideline.

## THIRD AFFIRMATIVE DEFENSE

141. Any and all actions taken by JPMorgan Chase with respect to Plaintiff's employment were based on legitimate, non-discriminatory business reasons and were without any discriminatory animus.

## FOURTH AFFIRMATIVE DEFENSE

142. The Complaint fails to establish any evidence of race discrimination. Any and all actions taken with regard to Plaintiff were based on legitimate business decisions totally unrelated to Plaintiff's race and were without any discriminatory animus.

## FIFTH AFFIRMATIVE DEFENSE

143. The Complaint fails to establish any evidence of gender discrimination. Any and all actions taken with regard to Plaintiff were based on legitimate business decisions totally unrelated to Plaintiff's gender and were without any discriminatory animus.

## SIXTH AFFIRMATIVE DEFENSE

144. The Complaint fails to establish any evidence of retaliation. Any and all actions taken with regard to Plaintiff were based on legitimate business decisions and were without any retaliatory animus.

## SEVENTH AFFIRMATIVE DEFENSE

145. All or part of the damages sought are not available under the federal or local laws upon which this Complaint is based.

## EIGHTH AFFIRMATIVE DEFENSE

146. The Complaint, or portions thereof, is barred by Plaintiff's own actions.

NINTH AFFIRMATIVE DEFENSE

147. Plaintiff's claims for punitive damages are barred in that JPMorgan Chase did not act maliciously or with reckless indifference toward Plaintiff.

TENTH AFFIRMATIVE DEFENSE

148. Plaintiff's claims for damages are barred in that she has failed to mitigate her alleged damages, if any.

WHEREFORE, JPMorgan Chase respectfully prays that the Court:

    (a) Enter judgment dismissing the Complaint in its entirety;

    (b) Deny the demands and requests for relief contained in the Complaint;

    (c) Award JPMorgan Chase reasonable attorneys' fees, costs and disbursements; and

    (d) Grant such other and further relief as the Court may deem just and proper.

Dated: New York, New York
August 5, 2008

**JPMorgan Chase Legal & Compliance Department**

By: _____
Stacey L. Blecher, Esq.
Attorneys for JPMorgan Chase Bank, N.A.
One Chase Manhattan Plaza, 26th Floor
New York, New York 10081
(212) 552-3814
Stacey.L.Blecher@Chase.com

**To:** **Gabor & Gabor**
David G. Gabor, Esq.
Attorney(s) for Plaintiff
400 Garden City Plaza
Suite 406
Garden City, New York 11530
(516) 248-2525
Esqs@Gaborlaw.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
::: ECF
MARILYN BERNARD,   :   08 CIV. 4784 (LAK)
::
::
::   AFFIDAVIT OF
::   SERVICE
                  Plaintiff,   :
  - against -   :
::
JP MORGAN CHASE BANK, N.A.,   :
::
::
                  Defendants.   :
::
-----------------------------------------------------------------X

STATE OF NEW YORK    )
                         ) ss.:
COUNTY OF NEW YORK  )

    STUART AAOESY being duly sworn, deposes and says, that deponent is not a party to the action, is over eighteen years of age and is employed by JPMorgan Chase Bank, N.A.

    That on the 5th day of August, 2008 deponent served the within:

ANSWER

UPON:  Gabor & Gabor
        David G. Gabor, Esq.
        Attorney(s) for Plaintiff
        400 Garden City Plaza
        Suite 406
        Garden City, New York 11530
        (516) 248-2525
        Esqs@Gaborlaw.com

132844:v1

by the address designed for that purpose by depositing a true copy of same enclosed in a postpaid properly addressed wrapper in an official depository under the exclusive care and custody of the United States Postal Service within the State of New York.

_____

Sworn to before me this
___ day of August, 2008
_____
Notary Public

MARLENE M. THOMPSON
Notary Public, State of New York
No. 01TH6161011
Qualified in Kings County
Certificate filed in New York County
Commission Expires February 12, 2011

132844:v1